16-315-cv
Stagg P.C. v. U.S. Dep't of State

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of December, two thousand sixteen.

PRESENT:  GUIDO CALABRESI,
          REENA RAGGI,
          GERARD E. LYNCH,
                    *Circuit Judges*.
------------------------------------------------------------------------
STAGG P.C.,

                    *Plaintiff-Appellant*,


          v.                                      No. 16-315-cv


UNITED STATES DEPARTMENT OF STATE, DIRECTORATE OF DEFENSE TRADE CONTROLS, JOHN KERRY, in his official capacity only as Secretary of State,

                    *Defendants-Appellees*.
------------------------------------------------------------------------
APPEARING FOR APPELLANT:       LAWRENCE D. ROSENBERG (Christopher B. Stagg, Stagg P.C., New York, New York, *on the brief*), Jones Day, Washington D.C.

APPEARING FOR APPELLEE:        DOMINIKA TARCZYNSKA, Assistant United States Attorney (Benjamin H. Torrance, Assistant United States Attorney, *on the brief*), *for* Preet Bharara, United States Attorney for

1

the Southern District of New York, New York, New York.

Appeal from an order of the United States District Court for the Southern District of New York (Shira A. Scheindlin, *Judge*) denying a preliminary injunction.

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the order entered on January 26, 2016, is AFFIRMED.

Plaintiff Stagg P.C. appeals from the denial of its motion for a preliminary injunction against the government's imposition of the registration and licensing mandates of the Arms Export Control Act ("AECA"), 22 U.S.C. § 2778, and the International Traffic in Arms Regulations ("ITAR"), 22 C.F.R. §§ 120–130, which regulate the dissemination of information related to items enumerated on the United States Munitions List, *see* 22 C.F.R. § 121. Specifically, the requested injunction would have broadly enjoined the government from "enforcing *any* licensing or other approval requirements for putting privately generated unclassified information *into* the public domain." J.A. 8 (emphases added). Our jurisdiction to review the denial order is established by 28 U.S.C. § 1292(a)(1).

Stagg alleges that the challenged licensing system is (1) an unconstitutional prior restraint under the First Amendment and (2) impermissibly vague under the Fifth Amendment. While defending the district court's injunction denial, the government challenges its ruling that Stagg has standing to maintain this action. We review (1) a determination as to standing *de novo*; and (2) the denial of a preliminary injunction for abuse of discretion, which we will identify only where a decision rests on an error of law or clearly erroneous finding of fact. *See Nicosia v. Amazon, Inc.*, 834 F.3d 220, 238 (2d

2

Cir. 2016).   In so doing, we assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm substantially for the reasons stated by the district court.   *See Stagg P.C. v. U.S. Dep't of State*, 158 F. Supp. 3d 203 (S.D.N.Y. 2016).

1.   Standing

The district court determined that, "under the lenient standing requirements in prior restraint cases," Stagg has standing to pursue this action because it "alleges that it possesses certain technical data . . . that it wants to aggregate into a set of materials for presentation to an audience," which "requires prior approval from the DDTC under the AECA and the ITAR."   *Id.* at 209.   We agree.

In stating that (1) it presently seeks to disseminate information already in its possession subject to ITAR's challenged licensing requirement and (2) it has already refrained from doing so for fear of being sanctioned, Stagg has alleged the "real or immediate threat" of future injury necessary for standing.   *City of Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983); *see Meese v. Keene*, 481 U.S. 465, 473 (1987) (determining that affidavit stating that challenged law had deterred plaintiff from exhibiting films established standing).   Moreover, a licensing regime is subject to facial challenge as a prior restraint when it "allegedly vests unbridled discretion in a government official over whether to permit or deny" publication of speech, even "without the necessity of [plaintiff's] first applying for, and being denied, a license."   *City of Lakewood v. Plain*

3

*Dealer Publ'g Co.*, 486 U.S. 750, 755–56 (1988).   Accordingly, the district court correctly rejected the government's standing challenge to this action.[1]

2.      Preliminary Injunction

A plaintiff seeking a preliminary injunction must establish that (1) he is likely to succeed on the merits, (2) he is likely to suffer irreparable harm in the absence of preliminary relief, (3) the balance of equities tips in his favor, and (4) an injunction is in the public interest.   *See Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

The district court determined that the third and fourth factors required denial of the preliminary injunction here to avoid "very serious adverse impacts" to national security. *Stagg P.C. v. U.S. Dep't of State*, 158 F. Supp. 3d at 210.   We agree.

The content of the speech in question is "technical data," which ITAR defines as "[i]nformation . . . required for [*inter alia*] the design, development, [and] production . . . of defense articles."   22 C.F.R. § 120.10(a).   Because Stagg (1) has elected not to identify, even to the district court, the specific content of the material it seeks to publish, *see Stagg P.C. v. U.S. Dep't of State*, 158 F. Supp. 3d at 208; and (2) has requested a broad injunction against "*any* licensing or other approval requirements for putting

_____

[1] We note that many of Stagg's arguments on appeal could be read as attacking not the existing regulatory scheme, but either a proposed regulation that was never adopted, or a prior regulation that Stagg claims was once in force but has since been repealed. Constitutional questions about regulations that no longer exist or that have been under consideration do not present cases or controversies within a court's Article III jurisdiction.   *See Nat'l Org. for Marriage, Inc. v. Walsh*, 714 F.3d 682, 687 (2d Cir. 2013) ("A claim is not ripe if it depends upon contingent future events that may not occur as anticipated, or indeed may not occur at all." (internal quotation marks omitted)). Here, however, the government unambiguously confirmed at oral argument that Stagg correctly characterizes the government's interpretation of the existing regulatory scheme (as noted below).   Thus, we agree that Stagg has standing to challenge that scheme as the government construes it.

4

privately generated unclassified information *into* the public domain," J.A. 8 (emphases added) (an injunction which we note would apply also to material that is not presently publicly available), the district court appropriately "assume[d] the worst case scenario," *i.e.*, that the material at issue might communicate, for example, "technical data for delivery systems for weapons of mass destruction," or for "chemical and biological agents," or "plans for 3D-printable plastic firearms," *Stagg P.C. v. U.S. Dep't of State*, 158 F. Supp. 3d at 210 n.47 & 210–11.

The national security concerns raised by a preliminary injunction that barred the government from licensing, and thereby controlling, the dissemination of such sensitive information are obvious and significant. We note that the government does not merely invoke national security as "a broad, vague generality" of the sort that cannot "abrogate the fundamental law embodied in the First Amendment." *New York Times Co. v. United States*, 403 U.S. 713, 719 (1971) (Black, J., concurring). Rather, it has set forth specific concerns relating to the export of "technical data" as defined in ITAR. As a State Department official explained in a sworn affidavit, a preliminary injunction would "cause significant harm to the national security and foreign policy interest of the United States," due to the potential for "[u]ncontrolled disclosure of technical data on the development, production, or deployment of weapons of mass destruction" or "the potential release of technical data for delivery systems of" such weapons to "someone set on creating mass, indiscriminate, civilian casualties" or a "foreign adversary." J.A. 95. Indeed, "[a]bsent the inclusion of 'technical data[]'" within ITAR's licensing structure, the statutory "limits on arms transfers would be of negligible practical effect because [they] would leave unregulated the exportation of the technology, know-how, blueprints, and other design

5

information sufficient for foreign powers to construct, produce, manufacture, maintain, and operate the very same equipment regulated in its physical form by the ITAR." *Id.* at 90. In matters of national security, which present the most compelling national interest, *see Haig v. Agee*, 453 U.S. 280, 307 (1981); *American Civil Liberties Union v. Clapper*, 785 F.3d 787, 826 (2d Cir. 2015), we accord considerable "deference" to such an "evaluation of the facts by the Executive," *Holder v. Humanitarian Law Project*, 561 U.S. 1, 33 (2010); *see also Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. at 27. Thus, the government presents a valid case—unrefuted by Stagg—for balancing the equities in their favor and finding that the public interest weighs against this injunction.

Stagg contends that the district court's reliance solely on national security to deny the preliminary injunction is foreclosed by *New York Times Co. v. United States*, 403 U.S. 713. We are not persuaded. While it could not be said that disclosure of the materials there at issue would "result in direct, immediate, and irreparable damage to our Nation or its people," *id.* at 730 (Stewart, J., concurring), that is just the conclusion that the district court was entitled to draw here so long as Stagg refuses to disclose to a court the information it wants to shield from ITAR. Further, here we deal with a statutorily authorized regulatory scheme, which implicates legislative as well as executive judgment about the national security interest in controlling information for the production of defense articles on the U.S. Munitions List. *See id.* at 718 (Black, J., concurring).

Having carefully scrutinized the specific national security interests presented by the government, we conclude that its stated interests outweigh Stagg's claimed harm. The government has articulated specific, concrete damage to national security that could result if the district court entered Stagg's broad proposed injunction. The specificity of

6

the government's contentions contrasts sharply with the vagueness of Stagg's allegations and its refusal to provide the district court with sufficient information to assess the plausibility of the government's national security arguments. Thus, the district court did not abuse its discretion when it found that the public interest in maintaining national security weighed against granting a preliminary injunction in this case.

In these circumstances, where the balance-of-equities and public interest factors weigh so heavily against a preliminary injunction, we need not decide whether Stagg is likely to succeed on the merits or to suffer irreparable harm. *See American Civil Liberties Union v. Clapper*, 785 F.3d at 826 (declining to order preliminary injunction in light of national security interests even where success on merits was certain); *see also Defense Distributed v. U.S. Dep't of State*, 838 F.3d 451, 458 (5th Cir. 2016) (affirming denial of preliminary injunction against ITAR on balance-of-equities and public interest factors alone). Accordingly, we identify no abuse of discretion in the district court's denial decision.

But just as Stagg's refusal to disclose—even to the district court—the information it seeks to publish, and whether that information is already publicly available, makes it appropriate to deny the broad preliminary injunction sought, we note concern with the government's representations at oral argument. Specifically, government counsel argued that ITAR applies to *republication* of information already in the public domain. While a June 3, 2015 proposed rule would add a subsection to the definition of "public domain" making clear that "[t]echnical data . . . is not in the public domain if it has been made available to the public [initially] without authorization," 80 Fed. Reg. 31,525, 31,535, and would proscribe the "mak[ing] available to the public [of] technical data . . .

if [a party] has knowledge that the technical data . . . was [first] made publicly available without an authorization in § 120.11(b)," *id.* at 31,538, it is unclear where in the *current* ITAR such a prohibition can be located. Indeed, government counsel was unable to direct us to a provision that qualifies 22 C.F.R. § 120.10(b), which presently exempts from the definition of technical data, subject to ITAR, *inter alia*, "information in the public domain as defined in § 120.11." We do not pursue the point further here or predict how it might be decided on full briefing. We state only that, while we affirm the order denying the broad injunction sought by Stagg, we do so without prejudice to the pursuit of narrower relief in the district court.[2]

3.   Conclusion

We have considered Stagg's remaining arguments and conclude that they are without merit. Accordingly, we AFFIRM without prejudice the order denying preliminary injunctive relief.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[2] Insofar as comments in the district court's opinion are skeptical of a narrower injunction, we do not understand them to reflect any ruling, particularly as no narrower relief or supportive briefing was then before the court.

8